IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LISA HENSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:14-00138 |
| | ) | Judge Trauger |
| RUTHERFORD COUNTY, TENNESSEE, | ) | |
| d/b/a RUTHERFORD COUNTY JUVENILE | ) | |
| DETENTION CENTER, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

**INITIAL CASE MANAGEMENT ODRER**

A. JURISDICTION: The court has jurisdiction of the federal claims pursuant to the Americans with Disabilities Act, as amended (ADA), 42 U.S.C. § 12101, *et seq.*, the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.*,. As to thee Tennessee Handicap Act, Tennessee Human Rights Act, and common law retaliation claims under state law, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 unless the Court declines jurisdiction under 29 U.S.C. § 1367 (c).

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF:

Plaintiff was hired with Defendant in June 2000 as a Detention Officer whose current position is Sergeant. In or around November 2006, Plaintiff was diagnosed with Multiple Sclerosis, which required Plaintiff to begin in 2009 IV infusions to slow down the progression of her condition. Plaintiff's infusion is set for once every twenty-eight (28) days and typically took two hours to complete. Plaintiff's schedule at the time she began her infusions was Sunday

1

through Thursday, however Plaintiff's schedule was altered in May 2012 to Monday through Friday, 11:00 a.m. to 7:00 p.m. Plaintiff has spoken to her supervisors on multiple occasions to receive an accommodation to have her schedule changed back to "Sunday through Thursday." Defendant has denied Plaintiff each time she has filed a request and told she received twelve (12) sick days a year and could use them for her infusions. Plaintiff has requested to swap shifts with another sergeant. Plaintiff was told she probably wouldn't get the swap because of Plaintiff's lack of sick time. Plaintiff later bid for the second shift position when it became vacant, however, the position was given to a newly hired sergeant. Plaintiff was told that she didn't receive the second shift bid because Administration had concerns for the safety and security of the detainees.

After Plaintiff submitted her FMLA paperwork, Plaintiff's Lieutenant altered the on-call schedule for the Sergeants. Plaintiff was scheduled to be on-call for Thanksgiving, Christmas, Easter, Mother's Day and Father's Day. When Plaintiff spoke to her Lieutenant about the schedule, he advised that he had to work around her infusion dates even though she had twelve (12) years seniority compared to other sergeants. Plaintiff has been denied the option to obtain overtime like other sergeants, even after she expressed it could be used to a balance her use of sick time used for her infusions.

Since the filing of Plaintiff's EEOC Charge, Plaintiff has been disciplined for deleting a picture she found inappropriate and filed an incident report. The officer that took the picture was not disciplined for the action. Plaintiff's schedule has been changed once again requiring Plaintiff to work Monday through Friday, 8:00 a.m. to 4:00 p.m. and advised, once again, she could use sick time for her medical procedures. Plaintiff's job title has changed from "Sergeant" to "Administrative Sergeant." Plaintiff was removed from the on-call schedule due to changes

within the department. Plaintiff's name was used in a questionnaire to the other sergeants asking how Plaintiff not being on the scheduled affected their rotation and a situation that had occurred eight (8) years on Plaintiff's shift. No other sergeant's names were used in the questionnaire. Lastly, Defendant has altered Plaintiff's job classification, removing her from staff lunch break schedule and removed her from her court post. Plaintiff's submits all adverse employment actions against her supervisors is due to her disability, or perceived disability, her requests for time to receive medical treatment for her disability, and retaliation for her complaints against Defendant.

2) DEFENDANT: The Plaintiff started going to her doctor on Fridays in or about 2009 for IV infusions to slow down the progression of Multiple Sclerosis. At that time, her work schedule was Sunday through Thursday, so going to her infusions on Friday was no issue.

By May of 2012, the Plaintiff was serving as the Administrative Sergeant (which meant, in part, she was doing administrative work in the office). Because of her administrative duties, the Defendant needed her to be there during the day and wanted to move her schedule to 8 a.m. to 4 p.m. Monday through Friday. The Plaintiff requested that those not be the hours because she was attending school at MTSU and had class in the mornings. In an effort to accommodate the Plaintiff, they moved her schedule to a Monday to Friday 11 a.m. to 7 p.m. schedule.

On June 5, 2012, the Plaintiff asked to be able to go to her infusions on Fridays and to change her schedule to Sunday through Thursday only on those weeks where she had an infusion. The Plaintiff alleges she provided a physician note on that date, which the Defendant disputes. The Defendant denied that request on June 7, 2012 because employees are given approximately 41 paid time off (PTO) days during the year so it should have been no problem

for the Plaintiff to use a portion of PTO (12 days maximum) for her infusions. On June 14, 2012, the Plaintiff brought a doctor's note suggesting that changing her schedule to Sunday through Thursday for weeks where she had an infusion would be appropriate. At that point, in light of the doctor's note, the Defendant changed her schedule to accommodate her.

In September, 2012, the Plaintiff casually asked about switching shifts with Sgt. Conquest, who worked a second shift with hours of 3:45 p.m. to 12 a.m. Monday through Friday, but never made any formal request. The Defendant denies this change would have allowed the Plaintiff to get her infusions without missing work because she previously told the Defendant that she needed to miss the entire day on those days where she got an infusion to recover.

Around October of 2012, the Director of the detention facility sent out an email (including to Plaintiff) advising that Sgt. Conquest had taken another position and the second shift was open for bid. The Plaintiff alleges she had seniority among the sergeants in the department. Defendant states that while it was true that the Plaintiff had been the longest serving sergeant, they did not (and do not) have a bona fide seniority plan. The Plaintiff alleges she was informed in December, 2012 that she did not get the change to Sgt. Conquest's second shift, but a new sergeant that was recently hired received the shift. These allegations are erroneous. First, the sergeant position itself was open for bid and since the Plaintiff was already a sergeant, the Defendant obviously hired a different person to fill that sergeant position. Second, among the sergeants, they could put in bid requests for various shifts. Thus, it is not even correct to say, as alleged, that one could "bid" on Sgt. Conquest's second shift sergeant position. The position and the shift are two different things.

The Defendant was legitimately and rightly concerned about moving the Plaintiff to the later shift because it would have required transferring her out of the administrative position. The

4

Plaintiff has complained at times about various problems with her Multiple Sclerosis, including blackouts, numbness, tingling, and the inability to move properly. This is a detention facility and the Defendant was concerned about putting the Plaintiff into a position where she would be on the floor with detainees and thereby risk the safety of the detainees and other employees.

As to the allegations about the on-call schedule, Lt. Victor changed the on-call schedule. However, he had to prepare the on-call schedule in light of the Plaintiff's infusion treatments. When a sergeant is "on-call," they are on-call for the entire week. Thus, on those weeks where the Plaintiff had an infusion treatment, she could not be on-call. The Plaintiff alleges that she was on-call for other holidays, including Easter, Mother's Day and Father's Day. However, the allegation is meritless because Easter, Mother's Day and Father's Day are not County holidays. The preceding years, the Plaintiff was off many holidays as stated in the Answer.

The Plaintiff complains that she did not receive overtime like other sergeants because she was not allowed to arrive 15 minutes prior to shift to attend roll call and be advised of the events of the day. These allegations are meritless because the administrative staff does not attend roll call. Moreover, the Plaintiff did receive overtime and "comp" time for various other matters.

As to the allegation regarding "meeting notes" for not handling a situation properly in February of 2013, the incident related to an alleged "inappropriate intake picture" of a tattoo of a detainee that was located on his buttocks. The Defendant admits that the Plaintiff received meeting notes for improperly handling the situation, but that meeting notes are not a written action. Moreover, the Defendant states the Plaintiff destroyed the picture thereby eliminating the ability of the Defendant to investigate whether the officer who took the picture had done so improperly. Thus, they could not discipline the officer as alleged. The Plaintiff has received multiple written actions and "meeting notes" through the years.

The Defendant worked with the Plaintiff to accommodate her schedule, even on those occasions where they were not legally obligated to do so, as long as those requests were reasonable. All decisions made by the Defendant were based on legitimate non-discriminatory and non-retaliatory reasons. The Plaintiff has never been fired or demoted. She works for the Defendant as a Sergeant today and has no damages. She suffered no adverse employment action. All of the statements and explanations in Defendants Answer are also incorporated herein by this reference.

C. ISSUES RESOLVED: Jurisdiction over the federal claims and venue.

D. ISSUES STILL IN DISPUTE: Liability, damages and any other issues not identified under C above.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before April 28, 2014.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before January 14, 2015. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend pleadings on or before December 15, 2014.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before October 14, 2014. The defendant shall identify and disclose all expert witnesses and reports on or before November 14, 2014.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before January 14, 2015.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before November 14, 2014.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before – February 16, 2015. Responses to dispositive motions shall be filed within thirty (30) days after filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L. ELECTRONIC DISCOVERY: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 3 days.

It is so **ORDERED.**

_____
ALETA A. TRAUGER

APPROVED FOR ENTRY:

**ALLMAN & ASSOCIATES**

/s/ Andy L. Allman
Andy L. Allman, BPR No. 17857
103 Bluegrass Commons Blvd.
Hendersonville, Tennessee 37075
(615) 824-37061 x203
andy@andylallman.com

*Attorney for Plaintiff*

**COPE, HUDSON, REED & MCCREARY, PLLC**

/s/ Josh A. McCreary
Josh A. McCreary, BPR No. 19498
Nicholas C. Christiansen, BPR No. 30103
16 Public Square North
Murfreesboro, Tennessee 37130
(615) 893-5522

*Attorneys for Defendant*